Michael A. Strauss, SBN 246718
mike@strausslawyers.com
Andrew C. Ellison, SBN 283884
andrew@strausslawyers.com
Rabiah A. Rahman, SBN 289790
rabiah@strausslawyers.com
**STRAUSS & STRAUSS, APC**
121 North Fir Street, Suite F
Ventura, CA  93001
Telephone:  (805) 641-6600
Facsimile:   (805) 641-6607
E-mail:  mike@strausslawyers.com

Attorneys for Plaintiff and the Putative Class

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CAMPOS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ECOLAB INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>1) **FAILURE TO PAY OVERTIME AND DOUBLETIME PREMIUM WAGES;**<br>2) **PAY STUB VIOLATIONS;**<br>3) **UNFAIR COMPETITION;**<br>4) **FAILURE TO TIMELY PAY FINAL WAGES; and**<br>5) **FLSA VIOLATIONS**<br><br>**DEMAND FOR JURY TRIAL** |

1

**COMPLAINT**

TO ALL INTERESTED PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

COME NOW, PLAINTIFF Juan Campos ("Plaintiff") and the putative class, and submits the following Complaint against ECOLAB INC. and DOES 1 through 100, inclusive (collectively "Defendants"), and each of them as follows.

## VENUE AND JURISDICTION

1. Jurisdiction over Plaintiff's federal claims is based upon (a) Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), which authorizes employees to bring civil actions in courts of appropriate jurisdiction to recover damages for an employer's failure to pay overtime wages as required by the FLSA; and (b) 29 U.S.C. §§ 1331 and 1337.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b). At all times material herein, Defendant Ecolab Inc. has been actively conducting business in the State of California and within the geographic area encompassing the Northern District of the State of California.

3. Jurisdiction over Plaintiff's state law class action claims under the California Labor Code and the claim under section 17200 of the California Business and Professions Code are based upon this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a), because the state law claims are so related to Plaintiff's federal claims that they form a part of the same case or controversy between Plaintiff and Defendants.

## THE PARTIES

4. At all times herein mentioned, Plaintiff Juan Campos was an employee of Defendants, working in the state of California as a Route Sales Manager, from in or about April 4, 2013 through on or about February 12, 2016, when his employment terminated.

5. Unless otherwise stated, at all times herein mentioned Plaintiff was an individual residing in the County of Los Angeles, State of California.

6. At all times herein mentioned, Plaintiff is informed and believes and, based

1  on such information and belief, thereon alleges that Ecolab Inc., is a Delaware corporation that does business in the Northern District of California.

7. At all times material to this action, Defendants have been enterprises engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA, and have had a gross volume of sales exceeding $500,000.

8. At all times material to this action, Defendants have been an "employer" of the named Plaintiff, as defined by section 203(d) of the FLSA.

9. The true names and capacities, whether individual, corporate, associate, representative or otherwise, of the defendants identified herein as Does 1 through 100, inclusive, are unknown to Plaintiff, who therefore sue these defendants by said fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of Does 1 through 100 when they have been ascertained. Does 1 through 100 are in some manner legally responsible for the wrongs and injuries alleged herein.

10. Each of the Defendants acted as the agent or employee of the others and each acted within the scope of that agency or employment.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings the causes of action stated herein on his own behalf and on behalf of all persons similarly situated. The class consists of all Route Sales Managers working for Ecolab Inc. in California within the four-year period preceding the filing of this Complaint and through the present who were not members of the certified class in the case of *Ross v. Ecolab, Inc.*, United States District Court for the Northern District of California case number C 13-05097 PJH (hereinafter the "Putative Class"). The Putative Class represents over 25 persons and is so numerous that the joinder of each member of the putative class is impracticable.

12. There is a well-defined community of interest in the questions of law and fact affecting the classes Plaintiff represents. The Putative Class members' claims against Defendants involve questions of common or general interest, in that each was employed by Defendants, and each was not paid wages owed based on the same

reliance on inapplicable overtime exemptions, including the salesperson and haz/mat exemptions. These questions are such that proof of a state of facts common to the members of the Putative Class will entitle each member to the relief requested in this complaint. Indeed, the same class of Route Sales Managers was certified in the aforementioned *Ross* matter, but the certification was as of in or about May 2012. Route Sales Managers who, like representative Plaintiff Campos, began working for Ecolab in California beyond the date of the certification of the class in the *Ross* matter were not members of that class, and yet their claims are identical to those of the certified class. The *Ross* court went on to summarily adjudicate Defendants' affirmative defenses on a class-wide basis (and denied Defendants' motions for summary judgment also on a class-wide basis).

13. The members of the Putative Class that Plaintiff represents have no plain, speedy or adequate remedy at law against Defendants, other than by maintenance of this class action, because Plaintiff is informed and believes, and on such information and belief alleges, that the damage to each member of the Putative Class is relatively small and that it would be economically infeasible to seek recovery against Defendants other than by a class action.

14. Plaintiff will fairly and adequately represent the interest of the Putative Class, because Plaintiff is a member of the Putative Class, and Plaintiff's claims are typical of those in the Putative Class.

15. Plaintiff is (and at all times relevant herein was) a California resident. He was an employee of Defendants. He worked long hours, including overtime and doubletime hours, without receiving overtime premiums as required by California law. Defendants relied on inapplicable overtime exemptions in refusing to pay Plaintiff his overtime and doubletime wages. His position is identical to those of the other putative class members.

16. Plaintiff also contemplates providing a notice or notices to all of the persons who are eligible to participate in the FLSA cause of action (the "FLSA

Action"), as approved by the Court (the "FLSA Employees"), to be delivered through the United States mail. The notice or notices shall, among other things, advise each of the FLSA Employees that they shall be entitled to "opt into" the FLSA Action if they so request by the date specified within the notice, and that any judgment on the FLSA Action, whether favorable or not, entered in this case will bind all FLSA class members who timely request inclusion in the class.

## FIRST CAUSE OF ACTION

*Failure To Pay Overtime And Doubletime Premium Wages*

**(Action Brought By Plaintiff On Behalf Of Himself**

**And The Putative Class Against All Defendants)**

17. Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

18. California law requires payment of overtime premium pay for all hours worked by non-exempt employees in excess of eight in one day or 40 hours in one week and for the first eight hours on the seventh-straight day of work in one workweek. (Lab. Code, § 510.) It further requires payment of doubletime premium pay for all hours worked by non-exempt employees in excess of twelve hours in one day or in excess of eight hours on the seventh-straight day of work in a single workweek. (*Ibid.*)

19. Plaintiff and the Putative Class regularly worked hours for which they were not paid overtime or doubletime premium wages, including for hours they worked in excess of eight in a day, 40 in a week, and on the seventh straight day of work in a workweek.

20. Plaintiff and the Putative Class seek such overtime and doubletime premium wages owed to them for the three-year period measured backward from the date of the filing of the initial Complaint in this matter. (In the Unfair Business Practices cause of action stated herein, Plaintiff and the Putative Class seek restitution of unpaid overtime and doubletime wages due for the four-year period measured

1 backward from the date of the filing of the initial Complaint in this matter.)

2     21. The exact amount of overtime and doubletime premium wages owed will not be fully ascertained until discovery is completed. Until Defendants produce the necessary documents for an accounting, Plaintiff is unable to determine the exact amount of overtime and doubletime premium wages owed.

    22. Labor Code section 218.6 states, "[I]n any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable as provided in Part 1 (commencing with Section 200) of Division 2." Interest is also available under Labor Code section 1194. Plaintiff seeks such interest on all overtime and doubletime premium wages owed to them for the three-year period measured backward from the date of the filing of the initial Complaint in this matter.

    23. Pursuant to Labor Code section 1194, Plaintiff requests the Court to award Plaintiff's reasonable attorney's fees and costs incurred in this action.

## SECOND CAUSE OF ACTION

*Pay Stub Violations*

**(Action Brought By Plaintiff On Behalf Of Himself And The Putative Class Against All Defendants)**

    24. Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

    25. California Labor Code section 226 provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose

compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

26. In this case, Defendants have failed to provide such wage deduction statements to Plaintiff and the Putative Class in that their wage deduction statements do not include, without limitation, their accurate gross wages earned, all overtime/doubletime hours worked, net wages earned, or all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate by the employee. Defendants have intentionally failed to put this information on the paycheck stubs. Pursuant to Labor Code section 226(e), damages are appropriate. At this time, Plaintiff believes and alleges that he and the Putative Class are owed the maximum allowable penalty under section 226(e) because Defendants intentionally failed to provide adequate paycheck stubs. However, the exact amount of damages under Labor Code section 226(e) will not be fully ascertained until discovery is completed. Until Defendants produce the necessary documents for an accounting, Plaintiff is unable to determine the exact amount of damages under Labor Code section 226(e).

27. Pursuant to Labor Code section 226(e), Plaintiff requests the court to award Plaintiff's reasonable attorney's fees and costs incurred by Plaintiff in this action.

/////

/////

# THIRD CAUSE OF ACTION

*Unfair Competition*

**(Action Brought By Plaintiff On Behalf Of Himself**

**And The Putative Class Against All Defendants)**

28. Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as though fully set forth herein.

29. This cause of action is being brought pursuant to California Business and Professions Code section 17200 et seq. and California case law including *Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.App.4th 163.

30. It is alleged that Defendants have willfully failed to pay Plaintiff and the Putative Class, the state-mandated overtime and doubletime premium wages for all hours worked. The failure to pay such wages constitutes an unfair business practice under California Business and Professions Code section 17200.

31. As a result of the conduct of Defendants, Defendants profited from breaking the law. Plaintiff and the Putative Class seek disgorgement of this unlawfully obtained benefit (plus interest thereon) for the four-year period measured backward from the date of filing of the initial Complaint in this matter.

32. California Business and Professions Code section 17203, under the authority of which a restitutionary order may be made, provides:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use of employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. Any person may pursue representative claims or relief on

behalf of others only if the claimant meets the standing requirements of Section 17204 and complies with Section 282 of the Code of Civil Procedure, but these limitations do not apply to claims brought under his chapter by the Attorney General, or any district attorney, county counsel, city attorney, or city prosecutor in this state.

33. As a result of the alleged aforesaid actions, Plaintiff and the Putative Class have suffered injury in fact and have lost money as a result of such unfair competition.

34. In this case, it is requested that this Court order such restitution.

## FOURTH CAUSE OF ACTION

*Failure To Timely Pay Wages At Termination*

**(Action Brought By Plaintiff On Behalf Of Himself And The Putative Class Against All Defendants)**

35. Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

36. Labor Code section 201 provides, in relevant part, "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." (Lab. Code, § 201, subd. (a).) Labor Code section 202 provides, in relevant part, "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting." (Lab. Code, § 202, subd. (a).) Defendants did not pay immediately all wages earned and unpaid to Plaintiff and the Putative Class upon discharge or resignation. Defendants have refused and continue to refuse to pay said wages.

37. Pursuant to Labor Code section 203, Defendants have willfully failed to pay without abatement or reduction, in accordance with Labor Code sections 201 and

202 all of the minimum, overtime, meal period, and doubletime wages of the Plaintiff and the Putative Class, as herein alleged. Defendants are aware that they owe the wages claimed by Plaintiff and the Putative Class, yet Defendants willfully failed to make payment. As a result, Plaintiff seeks wages and waiting-time penalties pursuant to Labor Code section 203 on behalf of himself and the Putative Class. These penalties consist of up to 30 days of pay for Plaintiff and the Putative Class at their regular rates of pay.

38. Plaintiff and the Putative Class have been available and ready to receive wages owed to them.

39. Plaintiff and the Putative Class have never refused to receive any payment, nor have they been absent from their regular places of residence.

40. Defendants' failure to pay wages due and owing Plaintiff and the Putative Class, as indicated in prior paragraphs, was willful; Defendants have knowingly refused to pay any portion of the amount due and owing Plaintiff and the Putative Class.

## **FIFTH CAUSE OF ACTION**

*FLSA Violations*

**(Action Brought By Plaintiff On Behalf Of Himself And The FLSA Employees Against All Defendants)**

41. Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein, except those paragraphs that are inconsistent with this cause of action brought pursuant to the FLSA.

42. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

43. Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), requires employers to pay non-exempt employees who work longer than forty (40) hours in a workweek one

and one-half times the employee's regular rate of pay for the hours worked in the workweek in excess of forty (40) hours. Defendants are, and were, subject to this requirement to pay the FLSA Employees one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. Defendants violated the FLSA by refusing to pay the FLSA Employees overtime as required by law.

44. Defendants' violations of the FLSA as alleged herein have been done in a willful and bad faith manner such that the FLSA Employees are entitled to damages equal to the amount of overtime premium pay within the three years preceding the filing of this complaint, plus periods of equitable tolling. As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by Defendants from Plaintiff and similarly situated persons for which Defendants is liable under 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as interest, reasonable attorney's fees and costs.

45. The employment and work records for the Plaintiff are in the exclusive possession, custody, and control of Defendants, and Plaintiff is unable to state at this time the exact amount owing to him and the FLSA Employees. Defendants are under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve Plaintiff's payroll and other employment records from which the amounts of the Defendants' liability can be ascertained.

WHEREFORE, Plaintiff and the Putative Class demand judgment against Defendants, and each of them, as follows:

1. For overtime and doubletime premium wages owed under California law according to proof;

2. For prejudgment interest pursuant to Labor Code sections 218.6 and 1194 and Civil Code sections 3288 and 3291 on all amounts claimed;

3. For attorney's fees and costs pursuant to Labor Code sections 226 and 1194 and Section 16(b) of the FLSA;

4. For waiting-time penalties under Labor Code section 203;

5. For statutory penalties under Labor Code section 226;

6. For an equitable order, ordering Defendants to pay all Putative Class members all wages and interest they are owed;

7. For an appointment of a receiver to perform an accounting of all monies owed to these employees;

8. For any and all injunctive relief this Court deems necessary pursuant to Business and Professions Code section 17203;

9. For a declaratory judgment declaring that Defendants have willfully and wrongfully violated their statutory and legal obligations and deprived Plaintiff and all others who are similarly situated of their rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein;

10. For a complete and accurate accounting of all the compensation to which the Plaintiff and all others who are similarly situated are entitled;

11. For compensatory damages against Defendants to be paid to the FLSA Employees, including all wages and overtime pay owed to the FLSA Employees under the FLSA;

12. For liquidated damages against Defendants to be paid to the FLSA Employees under Section 16(b) of the FLSA;

13. For costs of suit; and

14. For any other and further relief that the Court considers just and proper.

DATED: August 22, 2016                                    **STRAUSS & STRAUSS, APC**

By: _____
Andrew C. Ellison
Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: August 22, 2016                    **STRAUSS & STRAUSS, APC**

By: _____
Andrew C. Ellison
Attorneys for Plaintiff